## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 2008-0020 |
| v. ) | |
| ) | |
| AMON THOMAS, NATHANIEL ) | |
| THOMAS, OKIMO MELIGAN, and ) | |
| ANDREA SOTO ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### **MEMORANDUM OPINION**

FINCH, J.

    THIS MATTER comes before the Court on Defendants' Appeal From Magistrate Judge's Order entered May 29, 2008 Granting Plaintiff's Motion to Detain Defendants Pending Trial as to Amon Thomas, Nathaniel Thomas and Okimo Meligan. Plaintiff opposes such Appeal. After careful consideration, the Court issues the following ruling.

**I.    BACKGROUND**

    Defendants are charged with (1) possession of, with intent to distribute, a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), (2) possession of a firearem in furtherance of a drug trafficking crime in violation of 18 U.C.S. § 924(C)(1)(A)(I), and (3) maintaining a residence used for the manufacture of marijuana in violation of 19 U.S.C. § 608b.

    On May 12, 2008, Officer Christopher Howell obtained a telephonic warrant to search the residence located at 6-6 Catherine's Rest in St. Croix. Approximately three hundred and eleven (311) live marijuana plants were seized from outside the residence. Approximately

eleven (11) dried marijuana plants, two (2) zip lock bags of compressed marijuana and one (1) vacuum food saver bag containing marijuana were seized from inside the house.  The search of the residence also uncovered a .25 caliber pistol inside of a pants pocket and live ammunition in the bedroom and the kitchen.  A second .25 caliber pistol was found in the bed of a truck outside of the residence and a .357 revolver was recovered in a nearby wooded area.

Defendants contend that the Magistrate Judge erred in concluding that there were no conditions of release that would reasonably assure their appearance and the safety of the community.

## II. STANDARD OF REVIEW

In reviewing the Magistrate Judge's findings in this matter, the Court conducts a de novo review of the same facts and considerations that impelled the original Magistrate's Order of Detention.  18 U.S.C. §  3145(b); United States v. Perry, 788 F.2d 100, 104 (3d Cir. 1986); United States v. Delker, 757 F.2d 1390, 1395 (3d Cir. 1985).  Under the Bail Reform Act of 1984, the Court may detain a defendant pending trial after determining that the defendant is dangerous or presents a risk of flight unless the Court finds that there exists a "condition or combination of conditions [that] will reasonably assure the appearance of the persons as required and the safety of any other person and the community."  18 U.S.C. §§  3142(e), 3142(f); see United States v Askari, 608 F Supp 1045, 1049 (E.D. Pa. 1985); United States v. Chimurenga, 760 F.2d 400, 405-06 (2d Cir. 1985).

In making its dangerousness and risk of flight determination, the Court is guided by the factors set forth in 18 U.S.C. §3142(g):

    (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

    (2) the weight of the evidence against the person;

    (3) the history and characteristics of the person, including –

        (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

        (B) whether, at the time of the current offense or arrest, defendant was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

    (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(f)(1)(c) and (e) establish the presumption that no condition or combination of conditions will reasonably assure the appearance of the accused as required and the safety of the community if there is probable cause to believe that the person committed an offense for which the term of imprisonment of ten or more years is prescribed in the Controlled Substance Act, 21 U.S.C. § 801. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). The presumption created is of "flight" and "danger." United States v. Hilario-Reyes, 218 F. Supp. 2d 185, 187 (D.P.R. 2002). In order to rebut the presumption, the defendant must produce evidence to the contrary. See Perry, 788 F.2d at 113. If the presumption is rebutted by the defendant, the plaintiff must convince the court by a preponderance of the evidence that the defendant is a flight risk or must prove by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community. Id.; United States v. Himler, 797 F.2d 156, 161 (3d Cir. 1986); see 18 USCS § 3142.

### III. DISCUSSION

Defendants are eligible for detention prior to trial because the offenses in this case involved (1) a controlled substance offense for which the quantities of drug alleged in the indictment (possession of over 100 marijuana plants) prescribe a maximum sentence of more than ten-years under the Controlled Substance Act and (2) the possession of a firearm.  21 U.S.C. §§ 841(a) and (b)(1)(B), 18 U.S.C. § 3142 (f)(1)(E).  Because of the offenses with which Defendants are charged, the government is entitled to a presumption in favor of detention. 18 U.S.C. § 3142(e).  The presumption is triggered since the facts establish probable cause to believe that Defendants committed an offense for which the maximum imprisonment is ten years or more under the Controlled Substances Act, i.e. possession of marijuana with intent to distribute.  21 U.S.C. § 841(a); 18 U.S.C. § 3142(e).

The Court has reviewed the transcript of the detention hearing and agrees with the Magistrate Judge that the evidence against Defendants is strong.  Numerous marijuana plants were in plain view all around Defendants' residence and dried marijuana was found in two different bedrooms.  Defendants Nathaniel Thomas and Andrea Soto stated that all Defendants reside at 6-6 Catherine's Rest.  As residents who live in and take some part in the maintenance of the premises, Defendants must have been aware of the presence of the illegal drugs.  Defendant Nathaniel Thomas admitted to growing thirty to forty marijuana plants around his house in the bushes by a gut on the property.  In addition to the marijuana, several firearms and numerous ammunition were seized from the residence.  Accordingly, the Court finds that the weight of the evidence against Defendants is substantial.

The Court finds by a preponderance of the evidence that Defendants pose a flight risk because the nature of the offenses charged involving narcotic drugs as well as firearms is serious and consequently carry serious penalties.  Although Defendants have ties to the jurisdiction and have offered third-party custodians, the Court takes into consideration the fact that Defendants face a significant period of incarceration if convicted.  Community ties and third party custody is not sufficient to assure Defendants' appearance for trial, especially since Defendants face their first serious imprisonment time.  See United States v. Scales, 344 F.Supp. 2d 213, 216 (D.C. Me. 2004); see also United States v. Abad, 350 F.3d 793, 799 (8th Cir. 2003) (finding that home detention, family assurances, and electronic monitoring are insufficient in face of strong evidence that defendant presents flight risk and danger to community); United States v. Dillon 938 F.2d 1412, 1416 (1st Cir. 1991) (finding that detention was required on risk of flight grounds, where defendant could receive 10 years for drug offenses, notwithstanding fact that defendant claimed his involvement was minimal, he had no prior drug convictions, and his father indicated he would post home as security).

Possession of marijuana with intent to distribute (over 100 plants) carries a 5 to 40 year sentence and maintaining a drug involved premise carries a 10 to 20 year sentence.  See 21 U.S.C. § 801.  Offenders of offenses specified in 18 USCS § 3142 pose special risks of flight and the strong probability arises that no form of conditional release will be adequate to secure their appearance.  See United States v. Martir, 782 F.2d 1141, 1147 (2d Cir. 1986).  The Court finds that the significant sentences Defendants face coupled with the strength of the government's case provide a major incentive for Defendants to flee the Virgin Islands to avoid prosecution.  See United States v. Ruiz-Corral, 338 F.Supp. 2d 1195, 1199 (D.C. Colo. 2004) (where defendant was indicted for possession with intent to distribute five kilograms of methamphetamine and

possession of firearm during and in relation to drug trafficking crime, court concluded that nature and seriousness of offense charged and potential weight of government's case against defendant militated heavily in favor of denying release to defendant; while defendant's reported character, family ties, employment, length of residence in community and past conduct might favor his release, court concluded that government had carried its burden to demonstrate by preponderance of evidence that defendant was flight risk); United States v. Hilario-Reyes, 218 F.Supp. 2d 185, 189 (D.C. P.R. 2002) (holding that bail was not warranted where defendant's drug amounts were significant, government's case appeared to be strong, and length of jail sentence, coupled with co-defendant's apparent ties to other drug traffickers, all pointed to risk of flight).

The Court also finds by clear and convincing evidence that Defendants are dangerous and should be detained on that basis. Although Defendants' history and characteristics do not indicate prior involvement in dangerous crimes, Defendants' possession of guns and ammunition in their residence demonstrates their ability and intent to engage in acts of violence. See United States v. Rodriguez, 950 F.2d 85, 88-89 (2d Cir. 1991) (finding that government met burden of proving by clear and convincing evidence dangerousness of narcotics conspiracy defendant, even though defendant had no prior criminal record); United States v. Alonso. 832 F.Supp. 503, 507 (D.C. P.R. 1993) (finding that accused marijuana and cocaine trafficker is denied bail, even after taking into consideration his family ties, length of residence, and absence of prior criminal record); United States v. Davis, 771 F.Supp. 331, 332 (D.C. Kan. 1991) (alleged heroin trafficker, found in possession of cocaine and firearm, denied pretrial release despite his lack of criminal history and lifelong local residency with many family ties).

Distributors of illegal drugs and users of firearms in commission of crimes of violence are dangerous in a very real sense. The connection between firearms and drugs is well known to

law enforcement and others. Large scale drug operations such as that which Defendants' were allegedly involved in pose a "substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156 (a)(4)(B); see also United States v. Samuels, 436 F.Supp. 2d 280, 286 (D.C. Mass. 2006) (where defendant was indicted for possession with intent to distribute five kilograms or more of cocaine, defendant's detention was necessary in order to reasonably assure safety of community given quantity of cocaine found in defendant's residence and defendant's alleged connection to extensive narcotics-trafficking organization); United States v. Suppa, 799 F.2d 115, 120 (3rd Cir. 1986) (holding that defendant failed to establish lack of dangerousness where he offered affidavits from bonding company attesting to co-operation of defendant and from several other persons who swore that defendant was not dangerous person and who also swore that they would be willing to post their homes to help him obtain bond); United States v. Quinones, 86 F.Supp. 2d 19, 22-23 (D.C. P.R. 2000) (holding that accused drug importer is to remain detained without bail, where he stands accused of very serious charges and weight of evidence seems very strong against him, even though he has no prior convictions, may have strong family ties, and voluntarily surrendered).

Since the nature of the charged offenses presents a high risk of violence and the evidence is strong, the Court finds that no conditions exist which would reasonably ensure the safety of any other person or the community or the appearance of Defendants as required.

      ENTERED this 23rd day of June, 2008.

                                                        /s/
                                       **HONORABLE RAYMOND L. FINCH**
                                       **U.S. DISTRICT JUDGE**

.