# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL NO. 2008-0020 |
| v. ) | |
| ) | |
| AMON THOMAS, NATHANIEL ) | |
| THOMAS, OKIMO MELIGAN, and ) | |
| ANDREA SOTO ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **MEMORANDUM OPINION**

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Defendants' Motions to Exclude Testimony of Government's Expert Witnesses filed on January 12, 2009. An evidentiary hearing was held on January 26, 2009. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I.  FACTUAL BACKGROUND

On June 23, 2008, Defendant Amon Thomas requested discovery from the Government of copies of all reports and documents concerning laboratory analysis, scientific tests or experiments, copies of all tests for the presence or absence of illegal drugs, the names and addresses of each expert witness the Government intends to call in this case and a written summary of the testimony of any expert witness that the Government intended to use at trial. See Defendant's Request for Discovery and Inspection, ¶¶ 4 & 6. On July 21, 2008, the Government produced several Drug Enforcement Administration ("DEA") reports regarding the alleged drugs

seized from Defendants, the laboratory that the drugs were sent to for testing, and a laboratory report signed by forensic chemist Rita Motejo.

On December 23, 2008, twenty-five (25) business days prior to beginning of Defendants' jury trial, the Government produced the curriculum vitae of law enforcement officer Christopher Howell and an outline of his expected testimony in the areas of drug investigation relating to this case. The Government also produced the curriculum vitae of forensic chemist Rita Motejo along with an outline of her testimony regarding the DEA Laboratory Report analyzed on June 26, 2008. On January 23, 2009, five (5) business days before trial, Defendants received laboratory reports regarding DNA analysis as well as the Government's notice of intent to call a firearms technician as a witness at trial.

II.     STANDARD OF REVIEW

The Government is required to give adequate notice to a defendant of its intention to use results of scientific tests or expert witnesses with enough time for the defendant to obtain an expert to assist him in attacking the findings of the Government's expert. See Fed. R. Crim. P. 16(a)(1)(D) & (E). This disclosure must be made in a "timely" fashion. See United States v. Starusko, 729 F.2d 256, 261 (3d Cir. Pa. 1984); see also United States v. Kaplan, 554 F.2d 577, 578 (3d Cir. 1977) ("we disapprove and discourage a practice of delayed production"); Government of the Virgin Islands v. Ruiz, 495 F.2d 1175, 1179 (3d Cir. 1974) (encouraging "an affirmative policy of prompt compliance" with discovery requests); United States v. Gengler, 574 F.2d 730, 739 (3d Cir. 1978) ("prosecutor's timely disclosure obligation . . . cannot be overemphasized"). Rule 16(d)(2) of the Federal Rules of criminal procedure allows a court to impose sanctions for discovery violations in criminal cases. It provides:

>if a party fails to comply with this rule, the court may order that party to permit the discovery or inspection; specify its time, place and manner; and prescribe other just terms and conditions; (b) grant a continuance; (c) prohibit the party from introducing the undisclosed evidence; (d) or enter any other order that is just under the circumstance.

The following factors should be considered in determining the appropriate sanction under Rule 16(d)(2) for noncompliance or untimely compliance with a discovery request: (1) the reasons for the government's delay in producing the requested materials, including whether or not the government acted in bad faith when it failed to comply with the discovery request; (2) the extent of prejudice to the defendant as a result of the government's delay; and (3) the feasibility of curing the prejudice with a continuance. Government of the Virgin Islands v. Ubiles, 317 F. Supp. 2d 605, 608 (D.V.I. 2004); see United States v. Wicker, 848 F.2d 1059, 1061 (10th Cir. 1988); United States v. Euceda-Hernandez, 768 F.2d 1307, 1312 (11th Cir. 1985).

These three factors should merely guide the court in its consideration of sanctions and are not intended to completely dictate the bounds of the court's discretion. Ubiles, 317 F. Supp. 2d at 608. "[I]t is neither necessary nor appropriate for us to attempt to draft a comprehensive set of standards to guide the exercise of discretion in every possible case." Taylor v. Illinois, 484 U.S. 400, 414 (1988) (rejecting argument that preclusion is never a permissible sanction). In an unpublished opinion, the Third Circuit Court of Appeals instructs that, when imposing sanctions under Rule 16(d)(2), "a trial court should . . . impose the least severe sanction that will accomplish prompt and full compliance . . ." Jacobs v. Government of the Virgin Islands, 53 Fed. Appx. 651, 652 (3d Cir. 2002) (citing United States v. Ivy, 83 F.3d 1266, 1280 (10th Cir. 1996)).

### III. DISCUSSION

The Court finds that the Government's delay in providing notice of their intent to call expert witnesses Christopher Howell, Rita Motejo and the firearms technician as well as their delay in turning over the DEA drug analysis laboratory report and the DNA laboratory reports were not caused by bad faith. The Defendants claim that they are prejudiced by the Government's delay because they do not have adequate time to review the materials or obtain experts of their own to independently test the DNA and alleged drugs seized from Defendants. To the extent that Defendants are prejudiced, this prejudice may be cured by granting a continuance of the jury trial, giving Defendants adequate time to prepare their defense.

### IV. CONCLUSION

The Court finds that a just remedy for the Government's failure to disclose evidence in a timely manner under the circumstances of this case is a continuance of the jury trial. This will allow Defendants to investigate and update their strategy. For the reasons stated above, Defendants' Motions to Exclude Testimony of Government's Witnesses is **DENIED** and the jury trial in this matter is **CONTINUED**.

ENTERED this 28th day of January, 2009.

/s/
**HONORABLE RAYMOND L. FINCH**
**SENIOR U.S. DISTRICT JUDGE**

.