# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 2008-0020 |
| v. | ) |
| | ) |
| AMON THOMAS, NATHANIEL THOMAS, and OKIMO MILLIGAN | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## **MEMORANDUM OPINION**

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Defendant Okimo Milligan's Motion in Limine filed on July 10, 2009 (Docket No. 136). Defendant Milligan moves to exclude the statements made by Defendant Nathaniel Thomas on May 12, 2009. The government opposes Defendant Milligan's Motion. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I. BACKGROUND

Defendant Milligan is charged with (1) possession of, with intent to distribute, a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 18 U.S.C. § 2, (2) manufacture of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 18 U.S.C. § 2, (3) maintaining a drug involved premises in violation of 19 V.I.C. § 608b and 14 V.I.C. § 11, (4) possession of a firearm in furtherance of a drug trafficking

1

crime in violation of 18 U.C.S. § 924(C)(1)(A)(i), and (5) unauthorized possession of a firearm in violation of 14 V.I.C. §§ 11(a) and 2253(a).

On May 12, 2008, Officer Christopher Howell obtained a telephonic warrant to search the residence located at 6-6 Catherine's Rest in St. Croix. Approximately three hundred and eleven (311) live marijuana plants were seized from outside the residence. Approximately eleven (11) dried marijuana plants, two (2) zip lock bags of compressed marijuana and one (1) vacuum food saver bag containing marijuana were seized from inside the house. The search of the residence also uncovered a .25 caliber pistol inside of a pants pocket and live ammunition in the bedroom and the kitchen. A second .25 caliber pistol was found in the bed of a truck outside of the residence and a .357 revolver was recovered in a nearby wooded area.

On May 22, 2009, subsequent to his arrest, Defendant Nathaniel Thomas provided a written statement that he resided at 6-6 Catherine's Rest with co-defendants Milligan and Amon Thomas. With respect to his co-defendants, Defendant Nathaniel Thomas stated that on the morning of May 12, 2009, "I look in my brother's room, Kimo, and he was sleeping." In response to officers questioning him about who was inside the house on May 12, 2009, Defendant Nathaniel Thomas said "Me, the baby (my brother Amon's), the girl (Amon's girlfriend), Okimo and my brother…I see him (Amon) outside." The government intends to introduce Defendant Nathaniel Thomas's written statement made on May 22, 2009 into evidence. Defendant Okimo Milligan seeks to preclude admission of his co-defendant Nathaniel Thomas's statement that he resided at 6-6 Catherine's Rest on grounds that such would violate his Sixth Amendment right to confront witnesses against him.

## II. STANDARD OF REVIEW

The Sixth Amendment guarantees the right of an accused "to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has held that an accused's confrontation right must be honored when a witness's out-of-court statements to law enforcement are admitted against the accused. Crawford v. Washington, 541 U.S. 36, 68-69 (2004); see Roberts v. Russell, 392 U.S. 293 (1968); United States v. Van Berry, 240 Fed. Appx. 966, 971 (3d Cir. 2007); Bruton v. United States, 391 U.S. 123, 124 n.1 (1968).

In a joint criminal trial before a jury, a defendant's Sixth Amendment right of confrontation is violated when the court admits a confession of a non-testifying codefendant that implicates the defendant, regardless of any limiting instruction given to the jury. Id. at 126; see Johnson v. Tennis, 549 F.3d 296, 298 (3d Cir. 2008); Cruz v. New York, 481 U.S. 186, 193-194 (1987). In Richardson v. Marsh, 481 U.S. 200, 208 (1987), the Supreme Court explained that when a co-defendant's confession does not, on its face, incriminate the petitioner, and does so only when linked with other evidence, it may be introduced in a joint trial with a limiting instruction. See United States v. Belle, 593 F.2d 487, 493 (3d Cir. 1979) ("When a codefendant's extrajudicial statement does not directly implicate the defendant, however, the Bruton rule does not come into play").

## III. DISCUSSION

Defendant Okimo Milligan argues that his co-defendant Nathaniel Thomas's statement is incriminating and, because his co-defendant is not available for cross-examination, admission of the statement would violate the protections established by Bruton. In Bruton, petitioner and co-defendants were tried jointly for armed postal robbery. Bruton, 391 U.S. at 126. A postal

3

inspector testified that one of the co-defendants had confessed that he and petitioner had committed the crime. The district court admitted this evidence of the co-defendant's confession against him, but gave clear and concise instructions to the jury to disregard this evidence in deciding the other co-defendant's guilt or innocence. Despite this cautionary instruction, the Supreme Court found the risk of prejudice resulting from the admission of the confession too great because "the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial." Id. at 135-36; see United States v. Reynolds, 715 F.2d 99, 105 (3d Cir. 1983).

In Bruton, as here, the defendant who made the statements would not take the stand and was therefore unavailable for cross-examination. Bruton, 391 U.S. at 126. The Supreme Court ruled that where the nontestifying defendant's extrajudicial statements tend to implicate the other defendant, their admission violates the other's sixth amendment right to confrontation. Id. at 137. Limiting instructions to the jury are insufficient protection because "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." Id. at 135; see United States v. Ruff, 717 F.2d 855, 857 (3d Cir. 1983); see also Crawford, 541 U.S. at 56 (holding that a defendant's Sixth Amendment right of confrontation is violated by the admission of testimonial statements of a witness who was not subject to cross-examination at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity for cross-examination).

Here, the government offers co-defendant Nathaniel Thomas's testimonial statement, "I look in my brother's room, Kimo, and he was sleeping" to prove that Defendant Milligan (1) lived at the residence located at 6-6 Catherine's Rest and (2) was involved in the alleged illegal

4

activities that were taking place at said residence. This powerfully incriminating statement of Defendant Nathaniel Thomas is circumstantial evidence of Milligan's involvement in the manufacture of marijuana at 6-6 Catherine's Rest, possession of marijuana with intent to distribute, and possession of a firearm in furtherance of a drug trafficking crime as charged in Counts One, Two and Four of the Indictment. Nathaniel Thomas's statement is also direct evidence of the substantive offense of maintaining a drug involved premises, that being the residence located at 6-6 Catherine's Rest, as charged in Count Three of the Indictment.

The admission of Nathaniel Thomas's statements in this case would create a serious risk of prejudice to Defendant Milligan and he will be unable to dispel such prejudice by cross-examination. The potential for prejudice and the irremediable nature of such prejudice to Defendant Milligan are recognized by the Advisory Committee on Rules in its explanation of Federal Rule of Criminal Procedure 13, which states that "[a] defendant may be prejudiced by the admission in evidence against a co-defendant of a statement or confession made by that co-defendant. This prejudice cannot be dispelled by cross-examination if the co-defendant does not take the stand." See Reynolds, 715 F.2d at 105. It was against such threats to a fair trial that the Confrontation Clause was directed. Bruton, 391 U.S. at 136; see Pointer v. Texas, 380 U.S. 400 (1965).

The Court finds that, in this joint trial, where co-defendant Nathaniel Thomas will not take the stand, it is improper to admit into evidence Thomas's out-of-court statement implicating Defendant Milligan. See Krulewitch v. United States, 336 U.S. 440, 441 (1949). Defendant Milligan's Sixth Amendment right to confront witnesses against him will be violated if the Court were to allow the government to admit the out-of-court statements made by co-defendant Nathaniel Thomas. See Crawford, 541 U.S. at 56. "The Sixth Amendment's right of an accused

to confront the witnesses against him . . . is a fundamental right" and "[t]he right of cross-examination is included in the right of an accused in a criminal case to confront the witnesses against him."  Dutton v. Evans, 400 U.S. 74, 79 (1970) (quoting Pointer v. Texas, 380 U.S. 400, 403 (1965)).  Applying the language in Bruton, "[p]lainly the introduction of [these statements] adds substantial, perhaps even critical, weight to the Government's case in a form not subject to cross-examination, since [the co-defendant] will not take the stand. [Milligan] thus [would be] denied [his] right of confrontation."  Bruton, 391 U.S. at 127-128.

## IV. CONCLUSION

The Court finds that the admission of Nathaniel Thomas's written statement would violate Defendant Milligan's Sixth Amendment rights.  Therefore, the Court will grant Defendant Milligan's Motion in Limine to exclude statements made by Nathaniel Thomas that implicate Milligan in the crimes charged in the Indictment.

**ENTERED this 11th day of August, 2008.**

_____/s/_____
**HONORABLE RAYMOND L. FINCH**
**SENIOR U.S. DISTRICT JUDGE**