# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) CRIMINAL NO. 2008-0020 |
| v. | ) |
| | ) |
| AMON THOMAS, NATHANIEL THOMAS, OKIMO MELIGAN, and ANDREA SOTO | ) |
| | ) |
| Defendants. | ) |

## ORDER

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Defendant Okimo Milligan's Motion in Limine to Preclude Government from Introducing Certain Exhibits at Trial filed on August 9, 2009 (Docket No. 167). Defendant Milligan requests that the government be precluded from introducing marijuana seized during a search of the residence located at 6-6 Catherine's Rest in Saint Croix, Virgin Islands. The Government has informed the Court that it will not introduce evidence of the cleaning equipment nor the curved rifle magazine at the trial of this matter. After careful consideration of the briefs submitted by the parties, the Court issues the following ruling.

## I. STANDARD OF REVIEW

Federal Rule of Evidence 402 provides that evidence which is not relevant is not admissible. Relevant evidence is evidence that tends to make the existence of a fact that is of consequence more or less probable. Fed. R. E. 401. Even if evidence is relevant, it may not be admissible for a number of reasons. Federal Rule of Evidence 403 provides for the exclusion of

1

evidence whose probative value is substantially outweighed by the danger of unfair prejudice or confusion.

## II. **DISCUSSION**

On May 12, 2008, officers discovered and seized marijuana plants outside as well as inside the house located at 6-6 Catherine's Rest in Saint Croix, Virgin Islands. Consequently, Defendants were indicted for: 1) possession of marijuana (Count 1), manufacturing marijuana (Count 2), and maintaining a drug production facility (Count 3), among other offenses, on July 15, 2008. Defendant Milligan argues that the marijuana plants found inside the house are irrelevant because he is only charged with distributing and manufacturing plants found outside the house.

Because all Defendants in this case are charged in Counts 1, 2 and 3 with possession, intent to distribute and manufacture of marijuana, their possession of marijuana is necessarily a fact that is of consequence in this case. The Court finds that the marijuana seized from inside the property located at 6-6 Catherine's Rest is relevant because Defendants' possession of marijuana inside the house makes it more probable that they also possessed marijuana outside the house, as charged in Count 1. The dried marijuana plants found inside of the house also link Defendants to the manufacture of marijuana offense charged in Count 2. If Defendants possessed dried marijuana in the house, it is more likely that they were involved in the manufacture of marijuana seized in the yard. Additionally, Defendants' possession of marijuana inside the house helps to establish their knowledge that the premises they maintained was used to manufacture marijuana, as charged in Count 3. The Court finds that the probative value of the marijuana found inside the

2

house being used as evidence is not substantially outweighed by the danger of unfair prejudice to Defendants or confusion of the jurors.

After careful consideration and the Court being fully advised in the premises, it is hereby

**ORDERED** that Defendant Amon Thomas' Motion in Limine to Preclude Government from Introducing Certain Exhibits at Trial Docket No. 167) is **DENIED**.

**ENTERED this 14th day of September, 2009.**

                                                   /s/
                                **HONORABLE RAYMOND L. FINCH**
                                **SENIOR U.S. DISTRICT JUDGE**