# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CRIMINAL NO. 2008-0020 |
| v. | ) | |
| | ) | |
| AMON THOMAS, NATHANIEL THOMAS, and OKIMO MELIGAN | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## MEMORANDUM OPINION

FINCH, SENIOR JUDGE

THIS MATTER comes before the Court on Motions to Dismiss Count 3 of the Indictment filed by Defendant Amon Thomas on July 16, 2009 (Docket No. 149) and Defendant Okimo Meligan on July 17, 2009 (Docket No. 150). Defendants move to dismiss Count 3 on the grounds that the applicable statute is unconstitutionally vague and overbroad. The government opposes Defendants' Motions. After careful consideration and upon review of the briefs submitted by the parties, the Court issues the following ruling.

### I. BACKGROUND

Defendant Amon Thomas and Defendant Meligan are charged with (1) possession of, with intent to distribute, a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 18 U.S.C. § 2, (2) manufacture of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 18 U.S.C. § 2, (3) maintaining a drug involved premises in violation of 19 V.I.C. § 608b and 14 V.I.C. § 11, (4) possession of a firearm in furtherance of a drug

1

trafficking crime in violation of 18 U.C.S. § 924(C)(1)(A)(i), and (5) unauthorized possession of a firearm in violation of 14 V.I.C. § 2253(a).

On May 12, 2008, Officer Christopher Howell obtained a telephonic warrant to search the residence located at 6-6 Catherine's Rest in St. Croix. Approximately three hundred and eleven live marijuana plants were seized from outside the residence. Approximately eleven dried marijuana plants, two zip lock bags of compressed marijuana and one vacuum food saver bag containing marijuana were seized from inside the house. The search of the residence also uncovered a .25 caliber pistol inside of a pants pocket and live ammunition in the bedroom and the kitchen. A second .25 caliber pistol was found in the bed of a truck outside of the residence and a .357 revolver was recovered in a nearby wooded area.

Count 3 of the Indictment states that, on or about April 12, 2008 to May 12, 2008, Defendants Amon Thomas and Meligan, while aided and abetted by one another, did knowingly maintain a place or premise, located at 6-6 Catherine's Rest, that was used for the manufacture of marijuana, a Schedule I narcotic drug. 19 V.I.C. § 608b[1] penalizes "any person who knowingly maintains or operates any premises, place, or facility used for the manufacture" of a Schedule I or Schedule II drug. Section 608b also penalizes "any person who knowingly aids, promotes, finances or otherwise participates in the maintenance or operation of such a premises, place, or facility."

---

[1] 19 V.I.C. § 608b states in pertinent part that, "[i]n addition to any other provision of law, any person who knowingly maintains or operates any premises, place, or facility used for the manufacture of . . .any substance classified as a narcotic drug in Schedule I or II, or the analog of any such substance, or any person who knowingly aids, promotes, finances or otherwise participates in the maintenance or operation of such premises, place or facility, shall be guilty of a crime and shall be sentence d to a term of imprisonment of not less than 10 nor more than 20 years, which shall include the imposition of a minimum term which shall be fixed at, or between, one-third and one-half of the sentence imposed, during which the defendant shall be ineligible for parole. The Court shall also impose a fine not to exceed $500,000 or five times the street value of all controlled dangerous substances or controlled substance analogs at any time manufactured or stored at such premises, place, or facility, whichever is greater."

## II. VAGUENESS

### A. **Standard of Review**

A criminal statute is void for vagueness, in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution,[2] where it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute and where it sets no standards for its enforcement. United States v. Goldin, 311 F.3d 191 (3rd Cir. 2002) (quoting Kolender v. Lawson, 461 U.S. 352, 357 (1983)); see also Connally v. General Constr. Co., 269 U.S. 385, 391 (1926) (holding that penal statute is unconstitutional if it "either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning"). The concept of unconstitutional vagueness is derived from a basic notion of fairness; citizens must be given fair warning before being held culpable for conduct deemed to be criminal. Government of the Virgin Islands v. Steven, 134 F.3d 526, 528 (3d Cir. 1998); see Colten v. Kentucky, 407 U.S. 104, 110 (1972). A statute therefore meets the constitutional standard of certainty if its language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. Steven, 134 F.3d at 528; see United States v. Wise, 550 F.2d 1180, 1186 (9th Cir. 1977).

The standards for evaluating vagueness were enunciated in Grayned v. City of Rockford, 408 U.S. 104 (1972):

> Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person

---

[2] The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV, § 1 (applicable to the Virgin Islands by virtue of Section 3 of the Revised Organic Act of 1954, 48 U.S.C. §§ 1541-1645 (1995 & Supp. 2003), reprinted in V.I. Code Ann., Historical Documents (preceding title 1 of the V.I. Code).

> of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application.

Id. at 108-109 (footnotes omitted).

To prevail on a vagueness challenge, it is not sufficient to show that the statute may be generally vague in relation to others; rather, a defendant must establish that the challenged statute is unconstitutionally vague as personally applied to his circumstance. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494-495 (1982); see also Rode v. Dellarciprete, 845 F.2d 1195, 1199-1200 (3d Cir. 1988). Thus, a defendant is precluded from successfully mounting a vagueness challenge where his conduct is clearly proscribed by the statute, "even though the statute may well be vague as applied to others." Rode, 845 F.2d at 1199 (noting defendant has no standing to challenge vagueness where he clearly falls within the statute) (citations omitted); Government of the Virgin Islands v. Steven, 962 F. Supp. 682 (D.V.I. 1997). Moreover, "[w]here the general class of offenses can be made constitutionally definite by reasonable construction of the statute, the reviewing court has a duty to give the statute that construction." Steven, 962 F. Supp. at 684-85 (citations omitted).

**B. Discussion**

Defendants contend that the statute is void for vagueness because it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by statute and encourages arbitrary enforcement thereof. See Def. Meligan's Mem. in Supp. of Mot. to Dismiss at 3; Def. Amon Thomas's Mem. in Supp. of Mot. to Dismiss at 2-3. Specifically, Defendants claim that the words "maintain," "maintenance," "aids," "promotes," "finances," "premises,"

4

"place," and "facility" are undefined. Id. Defendant Amon Thomas further alleges that the applicable fine is vague because the code fails to define "street value."

To determine whether 19 V.I.C. § 608b is unconstitutionally vague, the Court reviews the statute only to determine whether it is vague as applied in this matter. Accordingly, the Court must consider Defendants' alleged conduct. As applied to the facts of this case, the only relevant terms are "maintain," "maintenance," "premises," "place," and "street value" as those are the terms charged and which match the facts. The ordinary meaning of the terms "place" and "premises" is a particular area, location or tract of land with buildings thereon. See Webster's New Collegiate Dictionary at 876, 908 (1976). The Court finds that the terms "premises" and "place" carry common meanings that ordinary people can understand. Moreover, it is clear that the yard at 6-6 Catherine's Rest, where Defendants allegedly manufactured and stored marijuana plants, is a premise and a place.

With respect to the terms "maintain" and "maintenance," the Court finds that people of ordinary intelligence are fully aware of their respective meanings as they relate to a premise or place. The ordinary meaning of the term "maintain" is to keep in good repair, to keep up, to preserve, or to protect. See Webster's New Collegiate Dictionary at 693 (1976). The term suggests some measure of control over the premises by the person performing the maintenance activity. Id.

The Washington Court of Appeals arrived at the same conclusion in construing a similar statute. See State of Washington v. Crawford, 1999 Wash. App. LEXIS 491 (Wash. Ct. App. Mar. 19, 1999). The statute in Crawford made it unlawful for any person "knowingly to keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft, or other structure

or place, which is resorted to by persons using controlled substances in violation of this chapter for the purpose of using these substances, or which is used for keeping or selling them in violation of this chapter." Id. at *12; Rev. Code Wash. § 69.50.402. In rejecting a vagueness challenge, the court found that the "keep or maintain" language is not unconstitutionally vague. Crawford, 1999 Wash. App. LEXIS 491, *12. The court also found that the word "maintain" contemplates some degree of control over the real property." Id. at *13; see also United States v. Clavis, 956 F.2d 1079, 1090-91 (11th Cir. 1992) (holding that 'knowingly maintaining' place under the federal 'crack house statute,' 21 U.S.C. sec. 856(a)(1) (1986), includes "control, duration, acquisition of the site, renting or furnishing the site, repairing the site, supervising, protecting, supplying food to those at the site, and continuity").

In this case, the government alleges that Defendants lived at and maintained the property located at 6-6 Catherine's Rest, which was used to cultivate marijuana. See Pl.'s Mem. in Opp'n to Mot. to Dismiss at 1. The government claims that Defendants not only knew that marijuana was being cultivated on the property, but they actively participated in maintaining the area used to grow the plants. Id. Defendants allegedly landscaped the area adjacent to the house, where marijuana was grown, by cutting and clearing grass and brush. Id. Additionally, the government claims that Defendants actively participated in the actual cultivation of the marijuana on the property by watering, fertilizing and nurturing the plants. Id.

It is clear that the plain meaning of the terms "maintain" and "maintenance" under the applicable statute covers the alleged actions of Defendants in this case. Accordingly, the Court finds that the terms "maintain" and "maintenance" are not vague as applied in this matter and people of ordinary intelligence can understand the terms' ordinary meaning. Additionally, the Court finds that law enforcement has a clear guide as to who is and who is not an offender under

the statute and is not encouraged to apply it arbitrarily or discriminately. See State of New Jersey v. Kittrell, 678 A.2d 209 (N.J. 1996) (rejecting various challenges to strikingly similar statute).

Finally, the Court finds that the ordinary meaning of the phrase "street-value" is the price of something on the street. People of ordinary intelligence can understand the ordinary meaning of the phrase "street value." Therefore, the Court finds that the phrase "street value" is not unconstitutionally vague and the statute meets the constitutional standard of certainty.

### III. OVERBREADTH

#### A. **Standard of Review**

Under the First Amendment overbreadth doctrine, a law may be facially overbroad if its existence may cause individuals to refrain from engaging in forms of constitutionally protected speech or conduct. Broadrick v. Oklahoma, 413 U.S. 601 (1973). The proper inquiry is whether the statute prohibits a substantial amount of protected conduct. See Borden v. School District of Township of East Bruswick, 523 F.3d 153 (3rd Cir. 2008). A person may challenge a statute or policy, even though it is not unconstitutional as applied to that particular person, because "[its] very existence may cause others not before the court to refrain from constitutionally protected speech or expression." Broadrick, 413 U.S. at 612.

"A court must consider that the overbreadth doctrine is strong medicine that should be used sparingly and only as a last resort." Borden, 523 F.3d at 165 (citations omitted). Consequently, a single impermissible application is insufficient to deem a statute or policy invalid, and instead, a law should not be invalidated for overbreadth unless it reaches a

7

substantial number of impermissible applications. Id. (citations omitted); see New York v. Ferber, 458 U.S. 747, 772 (1982). Therefore, the proper inquiry is whether a statute or policy "prohibits a substantial amount of protected expression." Borden, 523 F.3d at 165 (quoting Ashcroft v. Free Speech Coalition, 535 U.S. 234, 244 (2002)). Courts look to four factors to determine how broad the statute or policy sweeps: (1) the number of valid applications, (2) the historic or likely frequency of conceivably impermissible applications, (3) the nature of the activity or conduct sought to be regulated, and (4) the nature of the state interest underlying the regulation. Id.; see Gibson v. Mayor & Council of Wilmington, 355 F.3d 215, 226 (3d Cir. 2004).

### B. Discussion

Defendants argue that 19 V.I.C. § 608b is overbroad because it sweeps within its prohibition a substantial amount of conduct that is constitutionally protected. See Def. Meligan's Mem. in Supp. of Mot. to Dismiss at 2; Def. Amon Thomas's Mem. in Supp. of Mot. to Dismiss at 2. Such conduct, they claim, includes normal maintenance activities done by a lawful resident of premises used by another to manufacture drugs without the resident's consent. Id. The Court disagrees and finds that a reasonable construction of the statute reveals that it penalizes individuals who knowingly maintain premises knowing that it is being used to manufacture narcotic drugs.

Contrary to Defendants' assertions, 19 V.I.C. § 608b does not prohibit a substantial amount of protected conduct. Specifically, it prohibits individuals from contributing to, assisting or otherwise perpetuating, the manufacture of controlled substances by maintaining a premise or place which they know is being used to manufacture illegal substances. Therefore, a substantial

8

amount of protected maintenance activities are not prohibited by the statute. Rather, only those maintenance activities conducted on property that the person maintaining knows is used to manufacture drugs is prohibited.

## IV. CONCLUSION

The Court finds that the statute is not unconstitutionally vague because a person of ordinary intelligence would understand that it prohibits a person from taking responsibility for the physical and/or financial upkeep of real property that he or she knows is being used for drug-related purposes. Additionally, the Court finds that 19 V.I.C. § 608b does not prohibit a substantial amount of protected conduct and, therefore, the statute is not unconstitutionally overbroad. For the reasons stated herein, Defendants' Motions to Dismiss Count 3 of the Indictment are denied.

**ENTERED this 16th day of September, 2009.**

                                                  /s/
                                    **HONORABLE RAYMOND L. FINCH**
                                    **SENIOR U.S. DISTRICT JUDGE**